Michael Kline, Respondent, *v.* Charles Green, Appellant.

*Chapter* 91 *of* 1892 — *notice required thereby* — *lien of a liveryman upon a horse boarded by him* — *when inchoate* — *not defeated by a conversion of the horse.*

Under the provisions of chapter 91 of the Laws of 1892 a livery stable keeper has a reasonable time after a demand made upon him by the owner of an animal boarded by him, for possession of such animal, to make out and deliver the written notice provided for by such act, and for that purpose he may detain the animal during such period, and when the notice is given, it relates back to the time of the demand made by the owner.

The lien provided for by such act is inchoate from the time of the entry of the animal into the stable, and becomes perfect the moment the statutory notice is given; and such lien cannot be defeated by the fraud of the owner of the animal in obtaining the possession thereof from the livery stable keeper.

The possession of the animal is not necessary for the purpose of giving the statutory notice, but where the owner of a horse boarded by a livery stable keeper, to whom the owner is indebted for its board, wrongfully takes his horse from the possession of the livery stable keeper, if the livery stable keeper does not serve the statutory notice, he does not acquire a complete lien upon the horse. He has but the option of a lien, an option to be exercised by his subsequent action in giving the statutory notice within a reasonable time.

It is necessary for a livery stable keeper to give such notice before he can maintain an action to recover the possession of the horse, although such horse may have been wrongfully taken by the owner.

Appeal by the defendant, Charles Green, from a judgment of the County Court of Rockland county in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 11th day of September, 1893, upon the decision of the court affirming the judgment of the justice of the peace of the town of Orangetown, Rockland county, awarding the possession of a horse to the plaintiff.

*Alonzo Wheeler,* for the appellant.

*George A. Wyre,* for the respondent.

Cullen, J.:

This is an appeal from a judgment of the County Court, affirming a judgment in favor of the plaintiff, recovered in the court of a justice of the peace. The action is replevin to recover a horse. The plaintiff, a livery stable keeper, kept and boarded the horse,

and for such keep the defendant was indebted to him in the sum of about $100. The horse was taken away by the defendant from the plaintiff's stable. There was evidence tending to show that the defendant obtained possession of the horse by fraud. The plaintiff, three days after the horse was taken away, demanded from defendant the payment of his claim or the return of the horse. On the failure of the defendant to comply with the demand this action was brought.

That the fraud of the defendant could not destroy the lien of the plaintiff is clear. But the plaintiff failed to give the owner any written notice of the amount of his charges and his intention to detain the horse. By chapter 91, Laws of 1892, a livery stable keeper is given a lien on animals boarded provided that such notice in writing be given to the owner. It has been held that under this statute the stable keeper has a reasonable time, after the demand made upon him for the animal by the owner, to make out and deliver the written notice, and that for that purpose he may detain the animal during such period. When the notice is so given it relates back to the time of the demand made by the owner. (*Eckhard* v. *Donohue*, 9 Daly, 216; *Ogle* v. *King*, 2 City Ct. Rep. 85.) In these cases it is said that the lien is inchoate from the entry of the horse in the stable, and ripens into a lien the moment the statutory notice is given. These decisions and the reasoning upon which they proceed are doubtless correct. But the difficulty in this case is that the plaintiff has done nothing to consummate his lien. Though the horse had been taken from his possession wrongfully, it may be assumed, there was no obstacle in the way of his serving the statutory notice upon the owner. Possession of the horse was not necessary for this purpose. The plaintiff did not have a complete lien at the time the horse was taken from him. He had but the option of a lien, an option to be determined by his subsequent act in giving the statutory notice within a reasonable time, or by his failure so to do. At the time this action was brought, though three days had elapsed, he had not exercised this option so as to create a lien. As it was necessary for the stable keeper to obtain the right to detain an animal that he should give the owner written notice of his claim, we think it was equally necessary to give such notice before he could seek to retake the animal.

The judgment of the County Court and justice should be reversed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment of the County Court and justice reversed, with costs.